**Dismissed and Opinion Filed December 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01546-CR
No. 05-14-01547-CR

**TROY LEE PERKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-71970-S, F07-71990-S**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Troy Lee Perkins was convicted of aggravated robbery and sentenced to twelve years' imprisonment in each case. Sentence was imposed in open court on January 7, 2008, and appellant did not appeal at that time. The Court now has before it appellant's "notice of appeal and motion for new trial." In the notice, appellant does not assert that any new appealable orders have been entered since his conviction and sentencing. Rather, he challenges the proceedings out of which his conviction arose and also references article 11.07, the post-conviction habeas corpus provisions in the Texas Code of Criminal Procedure.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523.  To invoke the Court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the rules of appellate procedure.  *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

This Court has no jurisdiction over post-conviction habeas corpus proceedings brought under article 11.07.  *See* TEX. CODE CRIM. P. ANN. arts. 11.05, 11.07 (West 2005 & Supp. 2014); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483–84 (Tex. Crim. App. 1995) (orig. proceeding) (per curiam).

Moreover, appellant's December 1, 2014 notice of appeal is untimely as to the January 7, 2008 sentencing date.  *See* TEX. R. APP. P. 26.2(a)(1); *Slaton*, 981 S.W.2d at 210.

We dismiss the appeals for want of jurisdiction.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141546F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TROY LEE PERKINS, Appellant

No. 05-14-01546-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F07-71970-S.
Opinion delivered by Justice Myers, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 10th day of December, 2014.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TROY LEE PERKINS, Appellant

No. 05-14-01547-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F07-71990-S.

Opinion delivered by Justice Myers, Justices Bridges and Lang-Miers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 10th day of December, 2014.